

**DIVISION
OF
CORRECTION
DIRECTIVE**

| PROGRAM: | INMATE DISCIPLINARY PROCEDURES | |
|---|---|---|
| DCD #: | 105-7 | |
| TITLE: | Formal Hearing Procedures | |
| ISSUED: | February 20, 2007 | |
| AUTHORITY: | *Paul B. O'Flee* | Paul O'Flaherty<br>ACTING ASSISTANT COMMISSIONER |
| APPROVED: | *John A. Rowley* | John A. Rowley<br>ACTING COMMISSIONER |

I.   References:   None.

II.   Applicable to:   All Facilities and Headquarters Offices of the Division of Correction.

III.   Purpose:   To establish formal inmate disciplinary hearing procedures.

IV.   Policy:

    A.   The procedures and time constraints set forth in this directive are intended for the orderly operation of a facility by staff and for the efficient administration of discipline. This directive does not convey nor create any rights, interests, and/or benefits for inmates that are enforceable, and the violation of any provision, procedure, and/or any time constraint within this directive shall not affect the validity of any rule violation conviction, unless inconsistent with due process.

    B.   Without regard for procedures or time limits, a disciplinary case may be reviewed by the Commissioner or designee, who may take any appropriate action.

    C.   The Commissioner or designee has the absolute discretion to modify, suspend, or terminate the inmate disciplinary process.

    D.   The Commissioner is the final arbiter to interpret the provisions of the inmate disciplinary process.

V.   Procedure:

    A.   Appearance Before the Hearing Officer

        1.   The defendant inmate shall appear before a hearing officer within seven days of the date indicated on the notice form as the date of rule violation.

        2.   A delay of appearance may occur for exceptional or reasonable circumstances. An appearance delayed for exceptional or reasonable circumstances shall be

EXHIBIT 9

rescheduled when circumstances permit.

B.  Waiver of Appearance: A defendant inmate may voluntarily waive an appearance before a hearing officer and hearing rights. In such cases, the hearing officer shall conduct the disciplinary hearing in the inmate's absence, make a decision from any evidence presented, and impose any sanction determined appropriate.

    1.  The inmate may waive an appearance and hearing rights by written notification to the hearing officer on the Waiver of Rights and Hearing form (see Appendix 1). Facility staff shall also document the circumstances of the waiver of appearance on the form.

    2.  The hearing officer shall make a determination from the waiver form if the inmate has waived an appearance prior to conducting a hearing in the inmate's absence.

    3.  The hearing officer may also determine that the defendant inmate has waived an appearance or hearing rights under the following circumstances:

        a.  The inmate has verbally informed staff of the intent not to appear for a hearing or submits no written notification;

        b.  The inmate constitutes a physical threat to staff or others if released from his/her housing area; or willfully delays or fails to report for a hearing, resists or interferes with staff; or violates any security procedure for inmate escorts; or

        c.  The inmate refuses to remain in the hearing room until a decision is rendered in the case; becomes disruptive, exhibits behavior that is a threat to security or the safety of others; or is removed from the hearing area because of inappropriate conduct.

    4.  A hearing officer may conclude an inmate has waived his/her hearing rights and direct staff to remove an inmate who becomes disruptive in the hearing area or during a disciplinary proceeding. Staff may remove any inmate considered a security threat from the hearing area without direction of the hearing officer, and the hearing officer may conclude the inmate has waived his/her hearing rights.

C.  Dismissal of Charges: A dismissal of charges based on preliminary review and without hearing shall be appropriate only if:

    1.  There is a delay, without reasonable or exceptional circumstances, in appearance by the defendant inmate before a hearing officer; and

    2.  The reasons cited for the delay are solely attributable to the facility; and

EXHIBIT 9

3.      The delay harms the ability of the inmate to defend against the charges; or

4.      The conduct alleged in the notice, viewed in the most favorable light to the facility and with all reasonable inferences drawn, is not a rule violation.

D.      Standard of Proof:    The standard of proof for a decision shall be made by a preponderance of the evidence presented at a hearing.  A hearing officer shall render a decision of guilt for a rule violation charged after considering the credible and reliable evidence presented if he or she decides it more likely than not a violation has occurred.

E.      Written Record:  For the purpose of a hearing record, a hearing officer shall use an Inmate Hearing Record form (Appendix 2) and document a written record of the hearing proceedings.

F.      Preliminary Phase

1.      Twenty-four (24) Hour Notice:

a.      Staff shall not schedule a defendant inmate's appearance before a hearing officer within 24 hours (a calendar day) of the date and time indicated as service on the notice form unless the inmate has signed a written waiver of the 24-hour notice;

b.      Where an inmate has waived notice prior to a hearing, staff shall provide the document of waiver to the hearing officer; or

c.      If the defendant inmate is scheduled to be released from Division custody less than 24 hours after the date and time recorded on the rule violation notice, the hearing shall be scheduled so as to provide the inmate with as much time as practicable to prepare a defense.

d.      Informal Resolution: A hearing officer may offer a defendant inmate an informal resolution for specified offenses charged in accordance with DCD 105-6.

e.      Review of Notice:  A hearing officer shall review the Notice of Inmate Rule Violation and Disciplinary Hearing form and the rule violations charged with the hearing participants.

(1)     The only issues subject to review with respect to the notice are:

(a)     Not being served to the defendant inmate;

(b)     An error in the completion of the notice; or

(c)     An incorrectly cited rule violation.

EXHIBIT 9

    (2)    Any error in service, completion of notice, or citation of charges shall be remedied by postponement and directed to the facility for corrective action. With correction or amendment of notice, the defendant inmate shall be served the said notice and the case scheduled for a hearing.

        (a)    A hearing officer shall construe the absence of a review of the notice by a supervisor as a referral for formal hearing.

        (b)    Any hearing participant may request the presence of serving staff for testimony regarding the service process.

2.    Representation Request: A hearing officer shall review a defendant inmate's request at service for representation.

    a.    Representation is voluntary and a request does not obligate an appearance.

    b.    Staff (excluding the Commissioner or warden) may represent a defendant inmate's case. An inmate housed in general population at the facility where the disciplinary hearing occurs may serve as a representative. No inmate assigned to segregation status (including protective custody), special housing, under a sentence of death, or under any security restriction shall be permitted as a representative. Any inmate requested as a representative who requires either an escort or transportation to a hearing location shall be denied. A request for staff not assigned to the facility where a hearing is held shall be denied.

    c.    The hearing officer shall not compel the appearance of an individual to represent the defendant inmate.

    d.    The defendant inmate's failure to request representation on the notice at the time of service shall be deemed a waiver of representation unless there were circumstances outside the control of the inmate that prevented identification of a representative by name.

    e.    A defendant inmate failing to make a timely request for representation may under limited circumstances be afforded representation by the following conditions:

        (1)    The requested inmate's security status permits;

        (2)    The representative is available at the hearing room location;

        (3)    No postponement is required for case preparation;

EXHIBIT 9

(4)    The requested representative shall be obligated to remain until the completion of the hearing; if the representative abandons the inmate's case and leaves the hearing room, the defendant inmate is construed to have waived representation and the hearing shall proceed;

(5)    If a person requested at service as the representative declines, it is at the hearing officer's discretion as to any request and may grant a one-day postponement for the inmate to obtain other representation; no further postponement request for representation shall then be considered or granted; and

(6)    The hearing officer shall inform the defendant inmate of any reason for denial of a requested representative.

3.    Witness Request: A hearing officer shall review any request for a witness by hearing participants.

a.    Voluntary Appearance: The testimony of a requested non-staff witness is voluntary, and the request does not obligate him or her to testify. The hearing officer may not compel the appearance or testimony of any witness.

b.    Location: A requested inmate shall not be escorted or transported to a hearing location for the purpose of giving testimony.

c.    Proffer: The hearing officer shall request a proffer from the participants to determine eligibility for any witness requested.

d.    Denial of Witness Request: The hearing officer shall deny any witness who is cumulative to the record; deemed not material to the outcome of hearing; or not relevant to the merits and issues of the hearing.

e.    Security Threat: The hearing officer shall deny a witness whose appearance is deemed a security threat by staff. Staff shall document the reason for the security threat. If the facility deems such a report security-sensitive, it shall not be provided to the participants. The hearing officer shall advise the participants of the denial of a witness who is deemed to be a security threat.

f.    Confidential Informant: A confidential informant shall not be identified to an inmate. The hearing officer shall advise the defendant inmate that the name is confidential.

g.    Informant Information: In cases where withholding the identity of an informant is necessary, the hearing officer shall ensure the credibility and

EXHIBIT 9

reliability of the information received from the witness. It shall be the burden of the facility in its presentation to address whether:

(1) Information provided by the informant is based on personal knowledge and is a direct verbatim account;

(2) The informant observed the incident;

(3) The informant has been a reliable witness in the past;

(4) Other corroborating testimony, physical evidence, or self-verifying details support the informant's information;

(5) Any known animosity exists toward the defendant inmate by the informant;

(6) The informant stands to benefit substantially by providing the information; and

(7) The information was volunteered by the informant.

h. The defendant inmate's failure to request a witness at service shall be deemed a waiver of the witness unless there were circumstances outside the control of the inmate that prevented the identification of the witness by name.

i. A telephone conference call may be utilized at any time for testimony of a witness.

(1) Unless physical identification of the defendant inmate is required, the testimony of staff not assigned to the hearing room or not on duty shall be conducted by conference call.

(2) The hearing officer shall advise all persons prior to the giving of testimony by conference call that their testimony will be recorded.

4. Motions: A hearing officer shall entertain any preliminary motions.

a. A hearing officer shall allow the participants to present allegations of due process denial, challenges to the hearing procedures, etc.

b. A hearing officer shall make a finding regarding any preliminary motion and advise the participants.

EXHIBIT 9

5.    Postponement: A hearing officer shall review any request from the participants for postponement of the hearing.

    a.    Postponement may occur during any phase (other than the fact-finding and decision phase) of a formal hearing.

    b.    The hearing officer may only grant postponement for good cause.

    c.    The unavailability of witnesses, documentation, physical evidence, the defendant inmate, representatives, or any other reasonable circumstances that impede or prevent the ability to hold the hearing is good cause for postponement.

    d.    A hearing officer shall weigh the reasons offered and make a decision as to the request.

    e.    A hearing officer shall advise the participants of the decision regarding the request.

    f.    A postponement granted to an inmate shall not provide the inmate an opportunity to request representation and/or witnesses not already requested.

    g.    If a postponement is granted to the facility for reasons other than the unavailability of the defendant inmate, the inmate may request representation and/or witnesses not previously requested under the procedures of this directive.

6.    The Plea:

    a.    A hearing officer shall prior to the taking of a plea read the violation charges into the record, ask if the defendant inmate understands the charges, and request a plea to the charges. The inmate may then plead guilty, not guilty, or no plea.

    b.    **Guilty**: Before accepting the plea, a hearing officer shall:

        (1)    Determine the inmate understands the plea is a waiver of his/her hearing rights and an admission that he/she committed the violation;

        (2)    After determining that the inmate understands the effect of his/her plea and the plea is voluntary, the plea shall be accepted; and

EXHIBIT 9

(3)    Record the plea and proceed to the sanction phase.

DCD 105-7

    c.    **Not Guilty**: The hearing officer shall record the plea, and the evidentiary phase of the hearing shall commence.

    d.    **No Plea**: The failure by the inmate to enter a plea shall be recorded by a hearing officer, and the evidentiary phase of the hearing shall commence.

G.    Evidentiary Phase:

    1.    Reading the Report: A hearing officer shall read into the record the violation report and any other documentation.

    2.    Facility Presentation: After the reading of the report, a hearing officer shall permit a facility representative (if present) the opportunity to present the facility's case and present any additional evidence.

        a.    Additional reports or documents shall be read into the hearing record unless prohibited for security reasons.

        b.    The hearing officer shall review for the record any physical evidence presented at the hearing, and the inmate participants may examine such evidence unless prohibited for security reasons.

        c.    The facility representative may present the testimony of a witness. The hearing officer and participants may question said witness.

        d.    In the absence of a facility representative, all reports, documents, and other evidence forwarded from the shift supervisor shall be construed by the hearing officer as the facility's case.

        e.    If the hearing officer concludes that the facility has presented prejudicial information in its presentation, the hearing officer shall advise the participants that the information shall not be considered nor affect the outcome of the hearing. If the hearing officer determines that he/she cannot remain impartial, he/she shall postpone the case for another hearing officer.

        f.    After the facility's presentation and if the hearing officer has determined there is insufficient evidence that a violation occurred, the hearing officer may, then, without further hearing, find the inmate not guilty for any violation charged. If the hearing officer determines the facility has produced sufficient evidence to establish that a rule violation may have occurred, the defendant inmate shall be given an opportunity to present a response to the rule violations charged.

    3.    Defendant Presentation: The presentation of a defense, giving testimony, or

EXHIBIT 9

answering questions by a defendant inmate is voluntary.

    a.      Presenting a defense or giving testimony may subject the inmate to questioning by a hearing officer and/or facility representative.

    b.      The inmate may refuse to present a defense, testify, or answer any question.

    c.      When making findings and a decision regarding the rule violation charged, a hearing officer may draw an adverse inference from the failure of the inmate to present a defense, testify, or answer questions.

    d.      Only the inmate's representative shall present the case for the defendant inmate. The inmate, lacking representation, shall be given the opportunity to present.

4.    Evidence Presentation: Testimonial, documentary, circumstantial, or physical evidence may be introduced.

5.    Request for Evidence: A hearing officer shall deny evidence deemed irrelevant, security-sensitive, or a threat. The hearing officer shall not compel the production of any evidence requested.

    a.      The facility may object to the request for or introduction of evidence on the grounds of relevance, security, and/or confidentiality.

    b.      The hearing officer shall deny the presentation of any evidence determined to be confidential or security-sensitive.

    c.      The hearing officer for reasons of security shall deny evidence examination by the inmate participants of a weapon, money, cellular phones, tobacco, security materials/equipment/records (including video records), tools, escape equipment, drugs or controlled dangerous substances, medications, intoxicants, flammable liquids, explosive devices, and combustible devices or materials.

6.    Witness Testimony: Any witness permitted under the procedures of the 105 directive series may testify.

    a.      If requested and permitted by security, any participant shall be permitted to ask questions of a witness giving testimony. Only an inmate's representative shall direct any questions to a witness. The facility representative and hearing officer may question any witness.

    b.      The hearing officer shall limit questioning of a witness for reasons of material information, relevancy, cumulative information, security-

EXHIBIT 9

sensitive matters, or to the scope of facts and issues under review and

DCD 105-7

consideration.

c.    The hearing officer shall not permit any acts of disrespect or insolence toward any witness by the participants.

d.    The refusal of a witness to appear or give testimony shall not be grounds for dismissal of the facility's case.

e.    The hearing officer may draw an adverse inference from the failure of any witness to testify or answer appropriate questions.

7.    Facility Rebuttal: At the conclusion of a defendant inmate's presentation, a hearing officer shall permit a facility representative the opportunity to offer any material, relevant, and non-cumulative rebuttal evidence.

8.    Closing Presentation: The participants shall be allowed the opportunity to make a closing presentation before the fact-finding and decision phase.

H.    Fact-Finding and Decision Phase:

1.    A hearing officer shall weigh the factual record when deciding the case.

2.    After making factual findings, a hearing officer shall enter one of the following decisions:

a.    Guilty: the credible and reliable evidence substantiates that a rule violation has occurred; or

b.    Not Guilty: the evidence fails to substantiate that a violation occurred.

3.    A hearing officer shall inform the participants of the decision.

4.    A hearing officer shall make written fact-findings for all decisions rendered in an inmate disciplinary hearing and said findings shall include:

a.    Evidence on which the hearing officer relied;

b.    Fact-findings based upon the evidence with inferences arising from the evidence;

c.    Application of the fact-findings to the rule violations charged; and

d.    Conclusions as to the findings for each rule violation charged.

EXHIBIT 9

    5.    A hearing officer shall render a verdict on all charges, including when they arise from a common set of facts.

I.    Sanction Phase:

    1.    Upon a guilty finding, a hearing officer shall impose sanctions (excluding informal sanctions) in accordance with DCD 105-8.

    2.    The hearing officer shall permit participants an opportunity to address and recommend sanctions.

    3.    The hearing officer shall inform the participants of the sanctions, time frames imposed, and the effective dates.

    4.    The hearing officer shall document all sanctions (including the segregation periods imposed to each rule violation that are consecutive or concurrent).

VI.    Attachments:

    A.    Appendix 1: Waiver of Rights and Hearing (DC Form 105-7aR)
    B.    Appendix 2: Inmate Hearing Record (DC Form 105-7b)

VII.    Rescission:    None

EXHIBIT 9